MILLER v. SIRE et al. (two cases).

(Circuit Court of Appeals, Second Circuit. June 22, 1915.)

Nos. 312, 313.

FRAUDS, STATUTE OF ⬪139—CONTRACT COMPLETELY PERFORMED—RIGHTS OF
   CREDITORS.
      The New York statute of frauds (Consol. Laws, c. 41, § 31), making void
   an oral promise in consideration of marriage, does not invalidate as
   against creditors a transfer of a mortgage made just before the mar-
   riage in fulfillment of an oral promise for such transfer in consideration
   of the marriage, where the transferee did not participate in any intent
   to defraud the creditors of the transferror.
      [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 334–
   341; Dec. Dig. ⬪139.]

Appeals from the District Court of the United States for the South-
ern District of New York.

This cause comes here upon two appeals, both prosecuted by Lilian
R. Sire. The main appeal is from a decree of the District Court,
Southern District of New York. The other appeal is from an order of
the judge who tried the cause denying a motion by defendant Lilian
R. Sire to open a so-called default, on the ground that she had not suffi-
cient opportunity to present her side of the main controversy at the
trial.

Edward M. Grout and Paul Grout, both of New York City (Edward
M. Grout, F. Sidney Williams, and Charles B. La Voe, of counsel), all
of New York City, for appellant.

True P. Pierce, of New York City (William Hughes and W. H. K.
Davey, of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The main appeal may be first consider-
ed. Miller is the trustee in bankruptcy of Clarence D. Sire. The bill
of complaint is not found in the record, which contains only what some
one has decided to be the "essential portions of the bill." This is bad
practice; it is for this court, when appeal is taken, to determine what
parts of the bill are essential. However, there is enough in the record
to show that Clarence D. Sire filed a petition in bankruptcy some time
in 1913, and was adjudicated a bankrupt on August 7th of that year.
Miller was appointed trustee, on what date the record does not disclose.
He brought this suit (when the record does not disclose) to set aside a
conveyance by the bankrupt to the codefendant on the ground that it
was made with intent to hinder, delay, and defraud creditors. The
bill further alleges that the codefendant conspired with him and was
party to the fraud. This conveyance, the validity of which was chal-
lenged, and which the court held void, undertook to convey a certain
mortgage which defendant then owned. It was executed on or about
December 3, 1910.

The circumstances attending the conveyance are these: Clarence
Sire was soliciting Lilian D. Silverberg to marry him. She declined

to do so unless he would agree to settle some property upon her. He agreed with her orally that he would assign this mortgage to her, and on December 3, 1910, he did execute the assignment, and on the same day she married him. For aught that appeared, transfer and marriage were substantially simultaneous, although possibly it is the fact that upon receiving the assignment Miss Silverberg at once married the bankrupt.

The sole reliance of complainant, so far as the record discloses, was on the statute of frauds of the state of New York; certainly it was on that ground that the court decided the cause. The testimony does not show any conspiracy; Miss Silverberg apparently doubted Sire's financial condition, and would not marry him until he turned over to her property to an amount which she thought was sufficient. This circumstance does not establish any participation on her part in a conspiracy to hinder, delay, or defraud his creditors.

The New York statute of frauds (section 31, c. 45, Laws 1909 [Consol. Laws, c. 41]) provides:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking * * * is made in consideration of marriage, except mutual promises to marry."

As we understand this statute and the decisions under it, it provides that, in the specified cases, a party to an alleged contract cannot enforce its execution if it be oral only. When, however, the oral contract has been fully carried out according to its terms, it is an accomplished fact, and the statute of frauds no longer cuts any figure in the transaction. That such is the view of the state courts seems manifest from the many authorities which hold that the statute of frauds is a *defense,* which to be availed of must be pleaded. When the statute says the oral contract is *void,* it seems void between the parties to it. When the parties carry it out *fully,* it ceases to be void, just as, under the statute, it ceases to be void when *part* consideration is paid. We fail to see how this statute designed merely to protect the parties to the oral contract affects third parties.

If Sire had *sold* his mortgage to an innocent third person for a cash sum, not so small as to furnish persuasive evidence that the purchaser was not innocent, the sale would have been good against existing creditors. Marriage is surely a valuable consideration, and when the transfer is made before marriage—indeed, in this case, on the day of marriage—in exchange for the consideration then fully paid, we cannot see any difference between such a transaction and a cash sale. We do not find sufficient evidence to show such knowledge on the part of Miss Silverberg as would indicate participation in a fraud on creditors.

Referring to the New York cases cited on the briefs, we have not here a conveyance to a *wife,* in compliance with some alleged oral agreement made *before marriage.* We have a conveyance made to an unmarried woman, upon receipt of which she pays the consideration she agreed to give for it; i. e., marries the man who has already transferred the property. If, having received the transfer, she had refused

to marry him—i. e., to pay the consideration—he could have recovered the property.

Inasmuch as the record is quite imperfect, and the trial was inartificially conducted by reason of the refusal of the gentleman Mrs. Sire asked to represent her to proceed, his other engagements preventing him, we think the ends of justice will be best served by reversing the decree, opening the default, and so insuring a new trial, when additional testimony may possibly alter the situation.