NELLIE LYONS, Respondent, *v.* THE MACCABEES, Defendant, Impleaded with DELIA LYONS and MARY LYONS, Appellants.

Fourth Department, May 5, 1920.

**Insurance — mutual benefit insurance — certificate taken out and delivered to beneficiary in consideration of her marrying insured — right of insured to change beneficiary — payment of premiums by third persons as giving them claim on certificate — Statute of Frauds.**

In an action by the beneficiary named in a contract of life insurance evidenced by a benefit certificate issued by the Knights of the Maccabees of the World to recover the insurance it appeared that the insured obtained the insurance and made the plaintiff beneficiary therein in fulfillment of an oral promise so to do in consideration of the plaintiff's promise to marry him; that several years prior to the death of the insured he was suspended but was reinstated on the payment of his dues, etc., by the defendants, and that subsequent to his reinstatement he applied for and secured a new certificate bearing the same number, with the defendants named as beneficiaries without the consent of the plaintiff and the defendants paid the premiums after the new certificate was issued.

*Held,* that the fact that the defendants after the insured was suspended paid the monthly rates and *per capita* tax for which the insured was in arrears together with all dues and assessments for which he would have been liable during the period of his suspension, including the amount due for the month in which he was reinstated, gave them no title to the insurance; at best they would be entitled only to a lien upon the insurance moneys for the amounts paid.

The evidence sustains the finding of the existence of the oral agreement by which in consideration of the plaintiff's promise to marry the insured he promised to take out the insurance and maintain the same for her benefit.

The said oral agreement was not void under the Statute of Frauds (Pers. Prop. Law, § 31) because it was carried out by the insured; at the time of his death it was an executed contract.

When the certificate was taken out and delivered to the plaintiff she acquired a vested interest therein that could not be affected by the effort of the insured to change the beneficiaries therein, and subdivision 2 of section 231 of the Insurance Law having been enacted after the agreement was made and the certificate was taken out did not give the insured the right to make the change.

APPEAL by the defendants, Delia Lyons and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua

on the 10th day of May, 1919, upon the decision of the court rendered after a trial at the Erie Equity Term.

*Irving W. Cole* [*Merritt N. Baker*, attorney], for the appellants.

*Thomas P. Heffernan* [*Nugent & Heffernan*, attorneys], for the respondent.

DE ANGELIS, J.:

The judgment under review awards to the plaintiff the *proceeds* of a contract of life insurance evidenced by a benefit certificate, numbered 46009, issued by the Knights of the Maccabees of the World, a foreign corporation of Port Huron, in the State of Michigan, on the 28th day of September, 1898, by which contract of insurance such corporation insured the life of one John J. Lyons, one of its members, in the sum of $2,000, payable upon his death to the plaintiff, his widow, as sole beneficiary, which proceeds were deposited in the Lake Shore National Bank of Dunkirk, N. Y., pursuant to an order of interpleader granted in an action brought by the plaintiff against the Maccabees, a foreign corporation of Detroit, in the State of Michigan, which corporation succeeded to the ownership and possession of all the property, rights and privileges and assumed all the obligations of the Knights of the Maccabees of the World, and Delia Lyons and Mary Lyons, to recover the amount of the insurance and to cancel and annul a certificate issued by the Knights of the Maccabees of the World, dated March 6, 1912, and the application upon which it was issued, which certificate was issued to take the place of and bears the same number as that dated September 28, 1898, by which an attempt was made to substitute the defendants Delia Lyons and Mary Lyons as sole beneficiaries in the insurance contract or certificate in the place and stead of the plaintiff, upon the ground that the certificate of March 6, 1912, was obtained by fraud and in violation of an agreement whereby the plaintiff acquired a vested interest in the insurance contract by reason of the fact that John J. Lyons obtained the insurance and made the plaintiff beneficiary therein and carried the same down to the time of his death in fulfillment of

his oral promise so to do in consideration of her promise to marry him.

The Equity Term has found upon sufficient evidence that the oral contract between the plaintiff and her husband above referred to was made; that the contract was fulfilled both upon her part and his; that the marriage took place on the 28th. day of December, 1897; that the contract of insurance above referred to was made; that Lyons delivered to her the benefit certificate of insurance dated the 28th day of September, 1898; that she retained the same down to the time of his death; that his death occurred on the 13th day of November, 1916; that the plaintiff was the lawful wife and is now the widow of Lyons; that the defendants Delia Lyons and Mary Lyons are daughters of Lyons by a former marriage; that on or about the 5th day of February, 1912, John J. Lyons made application to the Knights of the Maccabees of the World to have the beneficiary named in benefit certificate No. 46009 issued September 28, 1898, changed to the defendants Delia Lyons and Mary Lyons; that thereafter and on or about March 6, 1912, a new benefit certificate bearing No. 46009 was made payable· to Delia Lyons and Mary Lyons without the consent of the plaintiff; that at the date of his death Lyons was a member in good standing of the Order of the Maccabees, formerly the Knights of the Maccabees of the World, and benefit certificate No. 46009, bearing date September 28, 1898, was in full force; that Delia Lyons and Mary Lyons since February 5, 1912, and up to November 13, 1916, paid the premiums upon benefit certificate No 46009; and that the plaintiff in open court offered to refund to the defendants the amount of all premiums paid by them on such benefit certificate.

The judgment of the Equity Term determined and adjudged that the benefit certificate dated March 6, 1912, and the application therefor were void; awarded to the plaintiff the proceeds of the insurance contract deposited with the Lake Shore National Bank of Dunkirk, N. Y., with the accumulated interest thereon; awarded costs in favor of the plaintiff against the defendants; directed application of the costs to the payment of the amount of premiums paid by the defendants upon benefit certificate No. 46009 between the 5th day of February, 1912, and the 13th day of November, 1916, and the payment by the

plaintiff of the remainder of that amount, if any, after such application to the defendants.

It must be clearly kept in view that the record shows the papers in three applications made by Lyons with reference to this matter of insurance, to wit: (1) The original application for membership made and verified January 24, 1898, upon which certificate No. 46009 for $1,000, dated February 28, 1898, with the plaintiff as the sole beneficiary, was issued and in place of which another certificate bearing the same number with the plaintiff as the sole beneficiary, was issued on the 28th day of September, 1898, for $2,000, being the certificate which the plaintiff now holds; (2) application in two forms for reinstatement for failure to pay dues, one dated December 29, 1911, and the other December 31, 1911, and (3) application dated February 5, 1912, for a new certificate with the defendants as sole beneficiaries to take the place of the certificate dated September 28, 1898, in which application it is recited that the certificate dated September 28, 1898, is in the possession of the plaintiff and retained by her and that she refuses to surrender it on demand and in which application it is recited that John J. Lyons is a member of the order in good standing. In connection with that application there is the official certification of the order dated February 5, 1912, to the effect that Lyons was at that time a beneficial member of the order and in good financial standing, having paid all his dues and assessments to that date.

It appears and the Equity Term has found that the only purpose of the last-mentioned application and of the certificate thereon issued to the defendants was to substitute the defendants as the beneficiaries of the insurance in place of the plaintiff.

It appears that the by-laws of the order which existed when the certificate of September 28, 1898, was issued were amended because at that time a member might be reinstated at any time within six months after his suspension. At the time of the suspension of John J. Lyons referred to in the foregoing a life benefit member could not be reinstated who had been under suspension for ninety days. The record shows that Lyons was suspended on the 31st day of October, 1911, and that he was fully reinstated pursuant to section 334 and section 335 of the by-laws within ninety days from that time. The fact that

the defendants did on the 29th day of December, 1911, pay to the record keeper of his tent the monthly rates and *per capita* tax for which he was in arrears together with all dues and assessments for which he would have been liable during the period of his suspension, including the amount due for the month in which he reinstated, gave the defendants no title to the insurance. They paid it in his right and he thereby became, *ipso facto*, under the by-laws, fully reinstated. The moneys so paid by the defendants and the moneys thereafter paid by them to keep up the insurance were voluntarily paid, but if not so paid in view of the circumstances, the most that they could claim would be a lien upon the insurance moneys, and it already appears that the plaintiff has consented that the defendants may be reimbursed for their expenditures from the moneys deposited in the bank and the judgment so provides.

The counsel for the appellants falls into a palpable error in supposing that the certificate of the order dated February 5, 1912, and used as part of the application to change the beneficiaries, had any connection with Lyons' reinstatement and for that reason a considerable amount of error crept into his statement preceding his formal points.

In his first point the counsel for the appellants argues that the evidence does not sustain the finding by the Equity Term of the existence of the oral agreement by which in consideration of the plaintiff's promise to marry Lyons he promised to take out the insurance and maintain the same for her benefit. We think the evidence was quite sufficient to sustain this finding.

In his second point the counsel for the appellants argues that the agreement is void under the Statute of Frauds. (See 2 R. S. 135, § 2, subd. 3, as amd. by Laws of 1863, chap. 464; re-enacted by Pers. Prop. Law [Gen. Laws, chap. 47; Laws of 1897, chap. 417], § 21, subd. 3; Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 31, subd. 3.) We think that the Equity Term was right in holding that the contract was not void because it was carried out by Lyons. At the time of his death it was an executed contract. (*Adams* v. *Swift,* 169 App. Div. 802; *Newman* v. *Nellis,* 97 N. Y. 285.) As already stated, the payments by the defendants to reinstate Lyons and to carry the certificate were made in his behalf,

and, so far as the plaintiff was affected, were made by him. When the certificate was taken out and delivered to the plaintiff, she acquired a vested interest therein that could not be affected by the effort of Lyons to change the beneficiaries therein. (*Stronge* v. *Knights of Pythias*, 189 N. Y. 346.)

The claim of the appellants' counsel that Lyons acquired the right to change the beneficiaries by virtue of subdivision 2 of section 231 of the Insurance Law (Consol. Laws, chap. 28 [Laws of 1909, chap. 33], as added by Laws of 1911, chap. 198) has no merit. Assuming the validity of the amendment, it could not impair a contract made prior to its passage.

There is nothing in the separation agreement made between Lyons and the plaintiff on the 22d day of August, 1912, which in any way deprives the plaintiff of her interest in the insurance.

The letter written by the plaintiff to the assistant superintendent of the Knights of the Maccabees of the World dated May 18, 1912, may not reflect credit upon the plaintiff, but it has no legal bearing upon the controversy.

It follows from the foregoing that the judgment appealed from should be affirmed.

All concur.

Judgment affirmed, with costs.