## In re AMERICAN RANGE & FOUNDRY CO.

## MacLAREN v. MUTUAL LIFE INS. CO. OF NEW YORK et al.

(District Court, D. Minnesota, Third Division. July 21, 1926, as Amended September 9, 1926.)

1. **Bankruptcy** ⊜⧞143(12)—Stockholders of bankrupt corporation held, under facts stated, to have no right to surrender value of life policies under which corporation was beneficiary.

Policies of insurance on the life of an officer of a corporation were payable to a trustee under a trust agreement providing that the proceeds should be invested in stock of the corporation and distributed among holders of its common stock at the time of death of insured. The policies reserved the right to insured to change beneficiaries, and the agreement provided that on such change the trust should terminate. The corporation became bankrupt during the lifetime of insured. Held, that the then stockholders had no interest in the policies and no right to their surrender value.

2. **Bankruptcy** ⊜⧞143(12).

Whatever right a bankrupt corporation had in life insurance policies as an asset passed to its trustee on its bankruptcy.

3. **Insurance** ⊜⧞586.

A corporation, made beneficiary without right of insured to change beneficiary, had a vested interest in the policies, but consent to a change of beneficiary terminated such interest.

4. **Insurance** ⊜⧞590.

Voluntary payment of premiums on life policies by one neither insured nor beneficiary gives him no right to the proceeds.

5. **Bankruptcy** ⊜⧞143(12)—Trustee held entitled to surrender value of life policies on which bankrupt corporation paid premiums as beneficiary.

A corporation which was in effect beneficiary under insurance policies on the life of its principal officer and stockholder, and which paid the premiums thereon, and carried their surrender value on its books as an asset, had an interest in the policies, and on its bankruptcy, while they remained the property of insured, their surrender value was an asset of its estate to which its trustee was entitled from the company on surrender of the policies.

In Equity. Suit by C. D. MacLaren, trustee in bankruptcy of the American Range & Foundry Company, against the Mutual Life Insurance Company of New York and others. Decree ordered.

Todd, Fosnes & Sterling, and Richard Converse, all of St. Paul, Minn., for plaintiff and for defendant Mercantile Trust Co.

Ambrose Tighe, of St. Paul, Minn., for Mutual Life Ins. Co. of New York.

Edward P. Kelly, of Minneapolis, Minn., for defendants C. W. Nye and Louis L. Collins.

Orin M. Oulman, of Minneapolis, Minn., for common stockholders of the American Range & Foundry Co.

SANBORN, District Judge. On the 24th day of August, 1918, the life of C. W. Nye, vice president of the Minnesota Stove Company, was insured by the defendant Mutual Life Insurance Company of New York for $50,000, under six policies, in which the stove company was named as beneficiary. Under these policies the insured was without right to change the beneficiary. On October 30, 1920, five more policies of insurance were obtained from the same company upon the same life, aggregating $50,000, in all of which the Mercantile Trust Company of St. Louis, Mo., or its successors, as trustee under declaration of trust dated October 23, 1920, was named as beneficiary. These policies gave the right to the insured to change the beneficiary, and each of them contained the following clause:

"The insured has reserved to himself the right to exercise the following privileges accruing under the terms and conditions of this policy, namely, to surrender this policy for its cash value, and to secure loans from the company on this policy, and to assign the same as collateral security for such loans."

On the 19th day of October, 1920, a resolution was adopted by the board of directors of the Minnesota Stove Company as follows:

"Whereas, this company is the beneficiary in certain life insurance policies issued by The Mutual Life Insurance Company of New York upon the life of Charles W. Nye; and

"Whereas, the directors of this company deem it advisable to authorize the said the Mutual Life Insurance Company to change the beneficiaries in all said policies so issued by the said Insurance Company:

"Be it resolved that The Mutual Life Insurance Company of New York be and is hereby authorized to substitute as beneficiary such beneficiary as may be hereafter designated by said Charles W. Nye in all policies of insurance issued by said company upon the life of Charles W. Nye and where-

in the Minnesota Stove Company is made a beneficiary; the numbers of said policies being 2519620, 2519622, 2519624, 2519626, 2519628, and 2519630."

On the 29th day of March, 1921, a trust agreement was executed by C. W. Nye and the defendant Mercantile Trust Company, dated October 23, 1920, in which Nye represented that his life was insured in the Mutual Life Insurance Company of New York for $100,000. He agreed that the premiums would be paid by him; that the proceeds of the policies should be paid to the trustee upon his death; that it should manage and control the trust estate for the benefit of the stockholders of the American Range & Foundry Company; and he granted to the trustee authority to invest the trust fund for the best interests of the beneficiaries in the common stock of the American Range & Foundry Company, the stock to be purchased from the company, and, after the fund was so invested, to distribute the stock pro rata to the common stockholders of the company who were such at the time of his death in proportion to their holdings. This provision is contained in the agreement:

"The grantor reserves the right to change the beneficiary in any or all of the above-mentioned policies, and such change of beneficiary shall operate as a revocation of this trust as to the policies in which a change of beneficiary is so made."

The policies referred to in the trust agreement are the eleven policies above referred to. The beneficiary in the policies dated August 24, 1918, pursuant to the authorization given by the Minnesota Stove Company to C. W. Nye, was changed by him, and the following notation is found on each of the policies:

"The beneficiary is changed to the Mercantile Trust Company or its successor, as trustee under an agreement made the 29th day of March, 1921, between the insured, Charles W. Nye, and the said Mercantile Trust Company, as trustee.

"The right to revoke this designation of beneficiary is reserved to the insured.

"New York, N. Y. April 20, 1921.

"Geo. C. Keefer, Secretary."

The American Range & Foundry Company was a Delaware corporation, organized in 1921 to take over the business, assets, and liabilities of the Minnesota Stove Company, and on May 1, 1923, it succeeded to the business and property of the Minnesota Stove Company, and the stockholders of that company became stockholders of the American Range & Foundry Company. The policies

of insurance remained in the possession of the Minnesota Stove Company and the American Range & Foundry Company, its successor, and all premiums were paid by those companies, and none by C. W. Nye, who was at all times an active officer and the largest stockholder.

The Minnesota Stove Company and the American Range & Foundry Company, until the middle of the year 1923, were solvent, and had a surplus, and there is nothing in the record to prove that the American Range & Foundry Company became insolvent until the summer of 1924. On October 27, 1924, it was adjudged a bankrupt upon an involuntary petition, and on the 7th day of November, 1924, C. D. MacLaren, the plaintiff herein, was duly appointed and qualified as trustee in bankruptcy.

On the 9th day of October, 1925, C. W. Nye, by letter addressed to the defendant Mutual Life Insurance Company of New York, appointed Louis L. Collins the beneficiary in all of the policies of insurance referred to. The change was never noted upon the policies, because they were in the possession of the trustee in bankruptcy, and are now in his possession.

This suit is brought by the plaintiff to have it determined that he is entitled to the cash surrender value of the policies, which amounts to approximately $7,500, he having made demand therefor, and to compel the defendant insurance company to pay it. The defendant C. W. Nye claims to be the owner of these policies, the defendant Mercantile Trust Company joins in the prayer of the complaint, and the common stockholders, who have been joined as defendants in the action, assert their right to the surrender value. The insurance company is stakeholder, and willing to abide whatever order the court may make with respect to the disposition of the policies or the cash surrender value thereof.

The claim of the plaintiff is based upon the facts that the American Range & Foundry Company and its predecessor, the Minnesota Stove Company, paid all of the premiums upon these policies, retained possession of them, had a beneficial interest in them, that the cash surrender value was carried as an asset upon the books of such company and its predecessor, and that C. W. Nye, as an officer, in the bankruptcy proceedings scheduled the cash surrender value as an asset of the American Range & Foundry Company.

The defendant C. W. Nye bases his claim of ownership of the policies upon the facts that he is the insured named in the policies; that either the policies themselves or the trust agreement gave him the right to change the beneficiary and that the trust agreement provided that, upon such change being made, the trust should be terminated.

The common stockholders base their claim to the policies or their cash surrender value upon the proposition that the trust agreement inured to their benefit; that the premiums were paid by the American Range & Foundry Company for them; and that they are in the position of beneficiaries who have paid premiums.

[1] Taking up first the claim of the common stockholders: Whatever rights they have are theirs by virtue of the trust agreement. The trust agreement contemplates that, upon the death of C. W. Nye, the trustee shall collect the proceeds of these policies, shall invest them in the common stock of the American Range & Foundry Company, and shall distribute the stock pro rata to the common stockholders of the company who are such at the time of the grantor's death. There is nothing in the agreement whatsoever to indicate an intention that the stockholders of the company, during the life of C. W. Nye, shall have any vested interest in the policies of insurance, or can be said to be the beneficiaries of the trust agreement. Furthermore, the agreement specifically provides that the grantor may change the beneficiary, and that such change shall operate as a revocation of the trust as to the policies in which the change is made. There is nothing which limits the changing of the beneficiary to a time when the American Range & Foundry Company is solvent, and the right to make the change would therefore continue until the death of Nye. It is obvious, therefore, that, unless the court should disregard the terms of the agreement pursuant to which the stockholders claim an interest, they can have no right to the policies or the surrender value of them. They are in no better position than they would have been had the policies been made payable to them, subject to a right to change the beneficiary. They had merely an expectancy.

[2,3] The trustee has whatever rights the American Range & Foundry Company would have had had there been no bankruptcy proceeding. If the policies, or any rights in connection with them, were an asset of the company, they are an asset which the trustee would have a right to liquidate. Nye was the insured. In the last five policies he specifically reserved the right to surrender them.

The Minnesota Stove Company originally had a vested interest in the first six policies. Washington Central Bank v. Hume, 128 U. S. 195, 9 S. Ct. 41, 32 L. Ed. 370; Mutual Benefit Life Ins. Co. v. Swett, 222 F. 200, 137 C. C. A. 640, Ann. Cas. 1917B, 298; Royal Arcanum v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966. By consenting that the insurance company might change the beneficiary to such person as Nye might designate, this vested interest was waived, and thereafter the policies were as though they contained a provision for a change of beneficiary. The trust agreement given by Nye to the Mercantile Trust Company was with the consent of the American Range & Foundry Company. After that agreement, it was no longer a named beneficiary.

[4, 5] It is, of course, well settled that voluntary payment of premiums by a person who is neither the insured nor beneficiary in a policy of insurance gives him no rights to the proceeds. Royal Arcanum v. Behrend, supra; Lyons v. Maccabees, 192 App. Div. 109, 182 N. Y. S. 212. But the American Range & Foundry Company was more than a volunteer. It was buying protection for itself and its stockholders against the death of C. W. Nye, its largest stockholder and principal officer. It paid for more than protection, however, because, by virtue of the payments which it made, a reserve was accumulated, which represented the difference between premiums paid, with interest, and the cost of protection. Penn Mutual Life Ins. Co. v. Lederer, 252 U. S. 523, 40 S. Ct. 397, 64 L. Ed. 698.

It is evident that Nye was acting for the company in dealing with this insurance until it became bankrupt, when he had no further interest in it. He treated the cash surrender value as a company asset, not a personal asset. He does not claim it as a gift or as compensation to him. If he had died without changing the beneficiary, the company could not have claimed a lien on the policies for the premiums paid, but, under the trust agreement, it would have received $100,000 from the trustee for stock which would have been distributed pro rata to its shareholders, so that it would have had the proceeds and been substantially in the same position as though it had been the beneficiary named in the policies. The company, therefore, did have a contingent interest or expectancy. It paid premiums, retained the policies, carried their cash surrender value as an asset, all with the knowledge of Nye, an officer in active charge of its affairs.

This indicates an agreement or understanding that it was interested in the policies to that extent.

The plaintiff would not be entitled to the return of premiums paid by the company, with interest, because part of the premiums was paid for the protection which the company wanted. Royal Arcanum v. Behrend, supra. The reserve which was built up, which was above the cost of protection, is the most that Nye could be expected to reimburse it for.

Courts have required that premiums paid by persons not parties to a contract of insurance should be repaid. Lyons v. Maccabees, supra.

In the case of Brown v. Home Life Ins. Co. (D. C.) 3 F.(2d) 661, the trustee in bankruptcy of the company which had paid insurance premiums upon the policies of the deceased, in which it was beneficiary, prior to a change of beneficiary, was held entitled to a return of the premiums with interest.

In the case of Royal Union Mut. Life Ins. Co. v. Lloyd (8 C. C. A.), 254 F. 407, 165 C. C. A. 627, premiums had been paid by a beneficiary upon the understanding that so long as she paid the premiums the insurance should be continued in her favor. The insured changed the beneficiary. It was held that the change was effective and that the question as to whether she was entitled to any relief was not in the case. The court said:

"In this case the company indorsed the change of beneficiaries on the policy without knowledge of any claim by the plaintiff of an understanding with her husband that she was to remain the beneficiary while she kept the premiums paid. As stated in the case of Supreme Council of Royal Arcanum v. Behrend, supra, the remedy to enforce any contract of that kind is not to be applied in a suit on the policy between the original beneficiary and the company."

In this proceeding the parties are asking this court to determine their rights to the policies in question, which presents a different situation.

The trustee asks for the cash surrender value as against the insurance company, but contends that, if Nye was to have had these policies, he should have paid all premiums and interest. In view of the fact that it was the cash surrender value of the policies that was carried as an asset of the company, and represented its contribution over the actual cost of protection, the adjustment with Nye, if one had been made, should have been made on that basis.

Prior to the revocation of the trust agreement, on October 9, 1925, by the appointment of Louis L. Collins as beneficiary, Nye was the owner of the policies, subject to the trust agreement and subject to the right of the trustee in bankruptcy of the American Range & Foundry Company to have their cash surrender value from Nye before they were delivered to him. It appears that the demand upon the insurance company for the surrender value of the policies was made by the trustee in March, 1925, within three months of default in payment of premiums, and some six months prior to the appointment of Louis L. Collins, by Nye, as beneficiary. At that time, the trust agreement had not been revoked. Nye has at no time since paid or offered to pay to the trustee the amount of the cash surrender value of the policies, although he has demanded their possession. During this litigation, he has at no time offered to do equity by paying this amount, nor does he now offer to pay it. He takes the position that the trustee is not entitled to the cash surrender value, but that he is entitled to the policies and any benefits under them.

A decree may be entered that the plaintiff is entitled to the present cash surrender value of these policies, and that upon the payment thereof to him by the defendant insurance company, upon the surrender of the policies, it shall be discharged from all liability thereunder. The costs and disbursements of the defendant insurance company may be taxed against the defendant Nye and the plaintiff.

It is so ordered.