In the Matter of the Petition of Benjamin Goldberg and Irving Goldberg to Render and Settle Their Account as Executors, etc., of Abraham Goldberg, Deceased. Pauline Goldberg, Appellant; Henry C. Turner, as Special Guardian for Paul Irwin Denver, an Infant, etc., and Benjamin Goldberg and Irving Goldberg, as Executors, etc., of Abraham Goldberg, Deceased,

Respondents.— Decree of the Surrogate's Court of Kings county judicially settling the accounts of the executors affirmed, in so far as an appeal is taken therefrom, with costs to respondents, payable out of the estate. The antenuptial agreement was fully performed before the death of the testator. The subsequent marriage of the decedent to the appellant on June 18, 1930, did not have the effect of revocation of the will of June 6, 1930, under section 35, Decedent Estate Law. (*Adams* v. *Swift*, 169 App. Div. 802; *Miller* v. *Sire*, 224 Fed. 424; *Mutual Life Ins. Co.* v. *Holloday*, 13 Abb. N. C. 16; *Lyons* v. *The Maccabees*, 192 App. Div. 109; *Matter of Kilcourse*, 244 id. 755.) This view makes it unnecessary to pass upon the constitutionality of section 35, as amended by chapter 459 of the Laws of 1932. Under the statute as it formerly read, clearly no revocation arose as a consequence of the marriage subsequent to the execution of the will. (*Matter of Scolpino*, 231 App. Div. 690; *Matter of de Coppet*, 142 Misc. 816, 818.) Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.