3 F.2d 661 (1925)
BROWN
v.
HOME LIFE INS. CO. OF NEW YORK (COLVIN et al., Interveners).
No. 4469.
District Court, E. D. Oklahoma.
January 19, 1925.
William S. Rogers, of Tulsa, Okl., for plaintiff.
Kleinschmidt & Johnson, of Tulsa, Okl., for defendant.
D. F. Gore and E. J. Lundy, both of Tulsa, Okl., and Julius Moses, of Chicago, Ill., for trustee.
KENNAMER, District Judge.
Mrs. Gertrude F. Brown instituted this action against the Home Life Insurance Company, a corporation, to recover $40,000 alleged to be due upon two ordinary life insurance policies issued by the defendant company upon the life of Curtis C. Brown. Boone Williams, trustee in bankruptcy of Curtis Brown Company, a corporation, bankrupt and H. C. Colvin, trustee in bankruptcy of estate of Curtis C. Brown, bankrupt, have intervened in the action. The defendant insurance company has answered tendering the amount of the policies into court and assumed the position of a disinterested stakeholder of the proceeds due on the policies.
The material facts necessary to be considered in determining this cause are that on the 12th day of August, 1919, the Home Life Insurance Company of New York, in consideration of an annual premium of $724.40 paid by the Curtis Brown Company, executed and delivered to Curtis C. Brown an ordinary life insurance policy in writing in the sum of $20,000, policy No. 239366, in which Curtis Brown Company was named beneficiary. On the 31st day of August, 1921, the defendant insurance company, in consideration of a premium of $755.40, executed and delivered an ordinary life insurance policy to Curtis C. Brown, insured, in the sum of $20,000, Policy No. 263476, in which the Curtis Brown Company was named beneficiary.
On March 26, 1924, Curtis Brown Company was adjudged a bankrupt and Boone Williams was appointed trustee. Curtis Brown was president and managing officer of the Curtis Brown Company. The schedules attached to the petition filed in the *662 bankruptcy proceedings of Curtis Brown Company listed the policies as assets of said company, and the petition was verified by Curtis Brown. On April 24, 1924, Curtis Brown being in possession and control of the insurance policies, returned the same to the head office of the insurance company, together with written directions to change the beneficiary in the policies from the Curtis Brown Company to Gertrude F. Brown, his wife.
On May 27, 1924, the insured, Curtis C. Brown was adjudged a bankrupt, and the following September H. C. Colvin was appointed trustee of the bankrupt estate of the insured. On May 2, 1924, the defendant insurance company in writing acknowledged receipt of the policies and the written request of the insured Curtis C. Brown to change the beneficiaries in the policies and sent to the insured blank forms of direction for change of beneficiary, which the insured Curtis C. Brown filled out and executed in accordance with the request of the insurance company and returned to it. Receipt of same were acknowledged on May 9, 1924. During the time from May 2 until May 9 the defendant insurance company received notice from Boone Williams, trustee in bankruptcy of the Curtis C. Brown Company estate, that the trustee claimed the policies as assets of the estate.
The defendant insurance company on receiving this notice from the trustee of the Curtis Brown Company, bankrupt, notified the insured, Curtis C. Brown, that by reason of the claim having been made by the trustee it was deferring any action in reference to indorsing the name of new beneficiary pending an adjustment of the claim of Boone Williams, trustee in bankruptcy, to the policies. Without any indorsement having been made as provided in the policies, this condition existed until the 6th day of August, 1924, when the insured, Curtis C. Brown died. Gertrude F. Brown claims the proceeds of the policies as the beneficiary asserting that the insured, Curtis C. Brown, having fully complied with all the requirements of the contract of insurance to accomplish a change of beneficiary in the policies, equity will regard the change as having been actually made. Also, the right to change beneficiary having been reserved in the application and the contracts of insurance the first named beneficiary, Curtis Brown Company, had no vested right but only a mere expectancy during the life of the insured. The intervener, H. C. Colvin, trustee in bankruptcy of the estate of Curtis C. Brown, contends that regardless of who the beneficiary may be, that he as such trustee is entitled to the cash surrender value of the policies in question under the provision of sections 6 and 70 of the Bankruptcy Act (Comp. St. §§ 9590, 9654). The intervener, Boone Williams, trustee in bankruptcy of the Curtis Brown Company, contends he is entitled to the proceeds of the two insurance policies in question on the ground that the corporation was at all times the owner of the policies and also for the reason that it was the beneficiary therein, and that the alleged change of beneficiary was ineffectual.
In determining the controlling question in this case it may be well to observe that the policies in controversy contained the following provision:
"When the right of revocation has been reserved, the insured, if there be no existing assignment of the policy filed with the company as herein provided, may, while the policy is in force, designate a new beneficiary, with or without reserving the right of revocation, by filing written notice thereof at the home office of the company, accompanied by the policy, for suitable indorsement thereon. Such change shall take effect upon the indorsement of the same on the policy by the company and not before. If any beneficiary, under either a revocable or irrevocable designation, shall die before the insured, the interest of such beneficiary shall vest in the insured unless otherwise herein provided."
The application for the insurance policy also reserved to the insured the power to change beneficiary, which applications by reference were made a part of the policies.
It is plain the insured reserved the unqualified right to change the beneficiary. The manner of effectuating such change was provided for by only requiring the insured to request such change by filing written notice thereof with the insurance company at its home office and upon returning the policies for proper indorsement. While it is provided that the change is to become effective when the designation of new beneficiary is indorsed on the policy by the company, it is clear the only purpose of this last provision of the taking effect of the change in beneficiary upon indorsement on the policy is for the protection of the company, and I cannot agree that this provision required the assent of the company before the insured would have the right to exercise his power of making a new appointment. It is well settled that where no reservation of a *663 right to change beneficiary exists in an ordinary policy, the interest of the beneficiary is a vested interest, and the insured is without power by deed of assignment or will or any other acts of his to transfer to any other person the interest of the person so named as beneficiary. In such a policy the beneficiary, the moment it is issued, acquires a vested right which cannot be affected by any right of the insured subsequent to the execution of the policy, except it be a breach of the condition. Washington Central Bank v. Hume, 128 U. S. 195, 9 S. Ct. 41, 32 L. Ed. 370; Mutual Benefit Life Insurance Co. v. Swett et al., 222 F. 200, 137 C. C. A. 640, Ann. Cas. 1917B, 298; City National Bank of Lawton v. Lewis, 73 Okl. 329, 176 P. 247; Supreme Council of Royal Arcanum v. Sue B. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966.
But in an ordinary life insurance policy where the right is reserved to change the beneficiary by the insured, and the insured has substantially complied with all the requirements of the contract of insurance to accomplish a change of beneficiary in the policy, such change of beneficiary cannot be defeated by the failure of the insurance company to indorse the change upon the policy when no valid reason exists why such endorsement was not made, but in such situation equity will regard that as done which ought to have been done. In determining the right of the last-named beneficiary to the proceeds of the contract of insurance, equity will treat the change as having been accomplished. In reaching this conclusion, the court is not unmindful of the rule adhered to by many authorities that, where the insured enters into a contract with third persons to name such persons as beneficiaries in an insurance policy upon the expressed condition that such third person will pay the premiums on the policy, equity will not recognize any change of beneficiary under such circumstances; but in the instant case there is no evidence establishing such an agreement on the part of the insured with the Curtis Brown Corporation.
The only evidence in this regard in the record is that Curtis Brown, who owned the controlling interest in the corporation, agreed with another stockholder that it would be well to take out on each of their lives an insurance policy for the benefit of the corporation. From such evidence I do not believe the inference may be drawn that there existed a contract between Curtis Brown Corporation and the insured, Curtis Brown, that in consideration of the insured securing insurance and the payment of the premium by the corporation that the insured Curtis Brown obligated himself not to change the beneficiary in the event such corporation became bankrupt and ceased to exist as a going concern. In this case the Curtis Brown Corporation had the benefit of the protection afforded by the two insurance policies as long as it was a going corporation.
In the case of Supreme Council of the Royal Arcanum v. Behrend, supra, Justice Brandeis said:
"The mere fact that she paid some, and possibly all, of the assessments, prior to the change of beneficiary, even if paid out of her separate estate, raises no legal claim. Perhaps there was not even a moral claim; since throughout the period during which she paid assessments, she enjoyed full protection which the order agreed to furnish; and for this alone payments were made."
With regard to the claim of H. C. Colvin, trustee of the estate of Curtis Brown, bankrupt, that under section 70 of the Bankruptcy Act, the trustee is entitled to the cash surrender value of the insurance policies, I deem it sufficient to say that the statute of Oklahoma, section 6727, Compiled Statutes 1921, provides:
"Every policy of life insurance made payable to or for the benefit of a married woman, or which after its issue is assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit, subject to the provisions of the preceding section relating to premiums paid in fraud of creditors, and subject to any indebtedness on account of the policy: Provided, that the insured under such policy shall not be denied the right to change the beneficiary where this right is expressly reserved in the policy."
And that according to the provisions of this section of the Oklahoma statute, the beneficiary, Gertrude Brown, the wife of the deceased, is entitled to the proceeds of the policies, including the cash surrender value. The proceeds of the policies are exempt under the statute and do not pass to the trustee in bankruptcy for the benefit of the creditors of the bankrupt estate.
This question as here involved has been decided adversely to the contention of counsel for Colvin, trustee, in the cases of Magnuson *664 v. Wagner, 1 F.(2d) 99, decided by the Eighth Circuit Court of Appeals, August 11, 1924; Ralph v. Cox, 1 F.(2d) 435, Eighth Circuit Court of Appeals, September 9, 1924.
This action originated as a law action against the insurance company, but the insurance company having tendered the amount of the policies into court, now occupies the position of an interpleader, and as suggested by counsel in oral argument the proceeding now is in the nature of an action in equity to determine respective claims of the parties as who is the rightful owner of the funds. United States, to use of Morris v. Richardson et al., 223 F. 1010; 139 C. C. A. 386.
Therefore the court is of the opinion that the plaintiff is entitled to the proceeds of the two policies of insurance, and in granting to the plaintiff the relief for which she prays, it will be upon the condition that she return to the trustee in bankruptcy of the Curtis Brown Company the amount of the premiums paid by the company, together with 6 per cent. interest, and that the cost of this action be taxed equally to the plaintiff and to the trustee in bankruptcy of the Curtis Brown Company.
It is ordered that the decree be entered accordingly.