438

Paul H. Ray, of Salt Lake City, Utah (Emmett M. Bagley and Robert L. Judd, of Salt Lake City, Utah, on the brief), for appellant.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

This litigation arises out of the death of one David L. Wertheimer, the circumstances of which are detailed in Wertheimer v. Travelers' Protective Association (C. C. A.) 64 F.(2d) 435, this day decided.

The appellant issued to the deceased a life insurance policy containing a double indemnity provision in case of accidental death. This action is for the double indemnity, the insurance on the life having been paid without controversy. For this double indemnity, the insured paid an additional annual premium of $17.50. The additional indemnity is payable if death "results directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means within ninety days from the occurrence of such accident, and if such accident is evidenced by a visible contusion or wound on the exterior of the body (except in case of drowning and internal injuries revealed by an autopsy), and if such death does not result from suicide, while sane or insane."

To a complaint alleging such accidental death, the appellant answered (1) denying that the death was accidental, but on the contrary was the result of a wound intentionally inflicted by the insured while sane, and (2) that death resulted from suicide, while the insured was sane or insane, which is an excepted risk.

At the trial, the appellee proved the death by gunshot wound more than a year after the policy was issued, and rested. The trial court rejected offers of appellant to prove that the death was not accidental, but on the contrary was an intentional self-destruction, because of a Utah statute, passed long before this policy was issued, which provides:

"From and after the passage of this chapter, the suicide of a policy-holder after the first policy year of any life insurance company doing business in this state shall not be a defense against the payment of a life insurance policy, whether said suicide was voluntary or involuntary, and whether said policy-holder was sane or insane." Section 1171, Comp. Laws of Utah, 1917.

There being no evidence to rebut the presumption of accidental death, a verdict was directed for the appellee. This appeal presents the question of the admissibility of the proffered testimony.

Appellant contends that this statute is not applicable to accident insurance policies, or at least not to additional benefits payable in case of accident which are a part of a life insurance policy. Appellant makes this further argument: that if the statute is applicable, its only effect is to eliminate the defense of suicide; that it still leaves the coverage limited to "accidental deaths," and that unless appellee establishes accidental death, she

has not brought herself within the terms of the contract; that while her proof made a prima facie case because of the presumption against self destruction, the question remains whether, on the whole case, appellee has established an accidental death; that the trial court denied appellant the right to rebut the presumption by proving that the death was not accidental, but was the intentional act of the insured while sane. In brief, appellant argues that if the suicide clause be blotted out of the policy by the statute, and the suicide defense stricken from the answer, it still leaves the allegation of accidental death an issue in the case, upon which the court should receive all competent evidence.

The difficulty with this formidable argument is that it comes too late, and is made to the wrong court. The Utah statute means what the Supreme Court of Utah says it means, and that court has held against appellant on both contentions. In Carter v. Standard Accident Ins. Co., 65 Utah, 465, 238 P. 259, 41 A. L. R. 1495, it was held that the statute excluded any proof of suicide in a suit on a policy of accident insurance issued by an accident insurance company. In so holding, the Utah court but followed the then recent decision of the Eighth Circuit Court of Appeals in Continental Casualty Co. v. Agee, 3 F.(2d) 978.

That other courts are bound by the construction placed upon a state statute by the highest judicial tribunal of the state, is a general rule of long standing and undoubted authority. Its application to the case before us is strikingly illustrated by two circumstances. When the Agee Case was decided, the Utah court had not spoken on the subject; the Supreme Court granted a writ of certiorari; but when the Utah court followed the Agee Case in construing its own statute, the Supreme Court entered the following order: "Ordered that the order of June 8, 1925, * * * granting a writ of certiorari herein be revoked because of the receipt of a certified copy of the opinion of the Supreme Court of the State of Utah in the case of Carter v. Standard Accident Insurance Company. Petition dismissed." Continental Casualty Co. v. Agee, 269 U. S. 552, 46 S. Ct. 17, 70 L. Ed. 407.

The other circumstance is this: In Whitfield v. Ætna Life Ins. Co., 205 U. S. 489, 27 S. Ct. 578, 51 L. Ed. 895, recovery was allowed upon an accident policy where it was stipulated that death was by suicide. This result was arrived at because of a Missouri statute eliminating the defense of suicide, which the Missouri court had held was applicable to accident insurance. Logan v. Insurance Company, 146 Mo. 114, 47 S. W. 948. Twenty-one years after the Logan Case was decided, the Supreme Court of Missouri, in Brunswick v. Standard Acc. Ins. Co., 278 Mo. 173, 213 S. W. 45, 7 A. L. R. 1213, held that proof of suicide while sane was competent to rebut the presumption of accidental death, notwithstanding the statute. The federal courts followed the later decision of the state court construing the Missouri statute, and not the earlier decision of the Supreme Court of the United States. Von Crome v. Travelers' Ins. Co. (C. C. A. 8) 11 F.(2d) 350, certiorari denied 271 U. S. 665, 46 S. Ct. 482, 70 L. Ed. 1140.

The decision of the Supreme Court of Utah in the Carter Case is decisive of the case at bar. The contention that while the statute applies to life insurance, and to accident insurance written by accident companies, it does not apply to accident insurance incorporated in a life policy, finds no support in the statute or the decided cases. It is so tenuous that it eludes analysis, and so insubstantial that it merits no discussion.

The claim is rather timorously advanced that the suicide statute is unconstitutional, in that it denies to appellant the equal protection of the laws. The basis of this claim is that the state of Utah enacted a separate code for fraternal societies, and such code does not contain a similar section concerning the defense of suicide. We do not stop to inquire whether the suicide statute is applicable to fraternal societies; even if it is not, there is such a marked difference between fraternal societies, with incidental insurance benefits, and commercial life insurance companies, as to afford ample basis for a legislative classification. In Supreme Council of Royal Arcanum v. Behrend, 247 U. S. 394, 399, 38 S. Ct. 522, 524, 62 L. Ed. 1182, 1 A. L. R. 966, the Supreme Court said: "The difference between ordinary life insurance and that furnished by the fraternal benefit societies has been universally recognized in legislation and is a matter of common knowledge."

And in German Alliance Ins. Co. v. Superintendent of Ins. of State of Kansas, 233 U. S. 389, 34 S. Ct. 612, 58 L. Ed. 1011, L. R. A. 1915C, 1189, a rate-making statute was sustained which excepted certain mutual insurance companies.

The power existing to enact different codes for the two classes of insurance, the

constitution does not require that identical clauses must be enacted on each point which may be considered to be common to the classes. De Soto Motor Corp. v. Stewart (C. C. A. 10) 62 F.(2d) 914, and cases there cited.

The judgment is affirmed.