## BURTON v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES (BURTON, Interpleader).

### No. 6251.

District Court, W. D. Oklahoma.
Oct. 21, 1937.

Butler, Brown & Rinehart, of Oklahoma City, Okl., for plaintiff.

Snyder & Lybrand, of Oklahoma City, Okl., for defendant.

J. D. Lydick and R. F. Barry, both of Oklahoma City, Okl., for interpleader.

MURRAH, District Judge.

This suit was commenced by the plaintiff, N. S. Burton, against the Equitable Life Assurance Society of the United States, a corporation, in the district court of Oklahoma county, and was removed to this court by the nonresident defendant. The suit is for recovery of the cash surrender value and accrued dividends on a contract of insurance issued by the defendant company on the life of Gertrude B. Burton, on the 27th day of March, 1930, who was at the time of its issuance the wife of the plaintiff, N. S. Burton. The contract of insurance is identified as plaintiff's exhibit and made a part of his petition.

The plaintiff alleges that he caused the contract of insurance to be issued, with the consent of Gertrude B. Burton, his wife, and that he paid the premiums thereon, up to and including the 27th day of March, 1936, out of his own and separate estate.

The plaintiff further alleges that on March 11, 1935, on petition of the said Gertrude B. Burton, the district court of Oklahoma county entered a decree of divorce, approved by her, making property settlement and providing for alimony. The plaintiff says that the said judgment of divorce, providing for property settlement and alimony, constituted among other things her written assignment of said contract of insurance and an adjudication by said court that said contract of insurance was the property of the plaintiff and attached as an exhibit the judgment of the district court of Oklahoma county.

The plaintiff says that the cash surrender value of said contract of insurance on March 14, 1936, was approximately $5,930, and that the accrued dividends were

approximately $300; alleged due demand on the company and prayed for judgment against the defendant company in the sum of $6,230, with interest at 6 per cent. from and after the 14th day of March, 1936, until paid.

On motion of the defendant company Gertrude B. Burton was made a party to the suit and filed her timely petition in intervention; admitted the issuance of the contract of insurance, as alleged by the plaintiff and attaches a copy thereof to the petition in intervention and says that she was the wife of the plaintiff at the time of the issuance of the said contract of insurance. She alleges that the contract of insurance was issued at her request and denies that the plaintiff caused the same to be issued; denies that the premiums thereon were paid out of his own separate funds. She admits the decree of the district court of Oklahoma county awarding her a divorce, property settlement, and alimony. She alleges that the contract of insurance, when issued to her and upon her life, became her own separate property, acquired in her own right, and was outside the issues raised by the pleadings in the divorce action, and that it was not the intention or the purpose of the district court of Oklahoma county in its judgment awarding her a divorce, property settlement, and alimony to award the plaintiff the contract of insurance or the value of the same as prayed for by the plaintiff herein, and, if the judgment did award the contract of insurance or the value thereof to the plaintiff, the same is void and a nullity because outside the statutory jurisdiction of the court rendering the judgment. She alleges that the contract of insurance was at all times her own separate property; that she is the absolute owner of the same and says that the premiums on the said contract of insurance were paid out of funds accumulated during her marriage to the plaintiff and that the decree of divorce did not give the plaintiff any right therein or any right to demand the benefits thereof. She admits that the cash surrender value of the contract of insurance is approximately $5,930, with accumulated dividends of approximately $300.00; she says that it was agreed and understood between the plaintiff and herself that she was to have, own, and hold the contract of insurance as her separate, individual property; that he has possession of the same and refuses to permit her to have it or enjoy the benefits of the same and prays that she be adjudged the absolute owner of said contract of insurance and that she have judgment against the company for the value thereof.

The defendant company, Equitable Life Assurance Society, filed its answer, in which it states that it is merely a stakeholder, but says that the contract of insurance lapsed for nonpayment of annual premium on March 27, 1936, and that under the automatic provisions of the same the contract became a paid-up life annuity and provides for monthly payments at the age of 60, and that there is no provision for the payment of cash surrender value on such paid up annuities after default in premium, and prays that the court adjudge as between the plaintiff and the interpleader who is entitled to the contract of insurance, and that thereafter the court determine the rights as between the defendant company and the prevailing party.

The face of the contract of insurance shows the same to have been issued on the life of Gertrude B. Burton and to provide for the payment of a monthly annuity of $135 per month, beginning at the age of 60. Nelson S. Burton (N. S. Burton) is made beneficiary, if living, if not living, her daughter, Nelson Jean Burton. The pertinent parts of the contract of insurance provides for an annual payment of $1,000 for ten consecutive years, and further provides, on page 3, paragraph 8 thereof, with certain immaterial exceptions, that the annuitant (Gertrude B. Burton) may, by compliance with the provisions of the contract of insurance, change the beneficiary.

To the plea in intervention of the interpleader, the plaintiff has interposed a demurrer. Under the well-established rule of procedure, the plaintiff admits all the well-pleaded facts in the plea of intervention and says that the facts admitted by said plea do not constitute a cause of action or warrant the relief prayed for by the interpleader. The issues have been submitted to this court and the plaintiff and intervener have submitted exhaustive briefs in support of their respective contentions.

The patent question presented necessarily involves and requires the interpretation by this court of the judgment of divorce entered on the 11th day of March, 1935, by the district court of Oklahoma county; said decree, marked Plaintiff's Exhibit B,

was a default decree and rendered "By reason of the fault or aggression of the husband." The decree of the district court of Oklahoma county awards all of the property of the parties, save and except the Buick 1934 model sedan to the defendant, but that the defendant pay to the plaintiff the sum of $5,000, payable at the rate of $25 per month, and deliver to the plaintiff, in the divorce action, the 1934 Buick sedan, all as her just part of the division of the property of the parties, and as an additional sum the plaintiff was awarded $5,200, payable at the rate of $25 per month as her alimony.

Jurisdiction of the district court of Oklahoma county to render the judgment of March 11, 1935, and which is the subject of this controversy is derived from section 672, O.S.1931, title 12, section 1278, Oklahoma Statutes Annotated; the pertinent part of this section provides: "When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce. * * * As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable."

Thus the district court is given certain express powers within the limits of the statute from which such powers are derived. These powers are equitable and general in their scope, yet they are not without express limitations.

 I conceive it to be the rule that judgments of courts of competent jurisdiction, when they become final, constitute an adjudication of all issues properly before the court and within its statutory jurisdiction, and it is not material that such judgments are erroneous as to form, provided the court acted within its jurisdictional limits. Courts in construing such judgments will not go behind them or question the wisdom thereof, but I conceive

it to be equally the duties of the court in construing the judgments to presume that the court rendering such judgment would render the proper judgment within the limitations of the statute which fixed its jurisdiction and, if any reasonable grounds can be found to support the same, it will give to such judgment the effect which the statute intended that the court should within the exercise of its jurisdiction. 34 C.J. par. 794; Gade v. Loffler, 171 Okl. 313, 42 P.(2d) 815; Sharp v. McColm, 79 Kan. 772, 101 P. 659; and In re Summers, 79 Ind.App. 108, 137 N.E. 291.

██ In the absence of clarity and where the effect of a judgment of another court is questioned, we should look to the source of the jurisdiction from which the power to render the judgment is derived. If we indulge in the legal presumption that the court did render the proper judgment within its jurisdictional limits, we must assume that, in rendering the judgment in question, the court intended to and did follow the positive provisions of the governing statute: "That the wife shall be restored to her maiden name if she so desires and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage." This appears to be a mandatory provision of the statute which the court, in rendering the judgment it did, intended to follow.

 I, therefore, conclude that the judgment follows the mandatory provision of the statute and restored to the wife all of the property acquired by her in her own right after marriage. We cannot presume that the judgment intended or did take any property from the wife and give to the husband as the property "of all the parties" if such property was acquired by the wife in her own right after marriage. Such a construction of the judgment would be inconsistent with the broad equitable powers granted by the statute. A thorough study of the authorities on this question seems to support the rule that the court in the rendition of its judgment did not encroach upon its statutory limitations or do variance to the plain intendment of the statute granting jurisdiction unless it clearly appears on the face of the judgment that such was the intention of the court, and we cannot say that the court thereby, within the exercise of its equitable jurisdiction, rendered a judgment which on its face was equitably unjust in awarding to the ag-

gressor defendant property, the admitted value of which was in excess of the money judgment awarded to the faultless spouse, and then justify it by saying that the court, although at variance with the mandate of the statute, rendered an erroneous judgment and that the same is conclusive and binding upon the parties when a fair and reasonable construction of the same would give to it the lawful and equitable meaning intended by the authority from which it is derived. Such seems to me to be the correct and proper interpretation of the judgment in question, and I therefore conclude that the district court of Oklahoma county intended to award to the defendant all of the community property of all the parties and that which belonged to the plaintiff in her own right was undisturbed and unchanged; the judgment of the district court was proper, valid, subsisting, and binding upon all the parties, and this court will not undertake to read into this judgment that which would do violence to the very essence of it.

We next consider the question of whether or not the life insurance contract, in question, was the property of the interpleader (Gertrude B. Burton) acquired in her own right after marriage. Taking the allegations of the plaintiff, we conclude that the contract was issued on the life of Gertrude B. Burton; that the purpose of the contract was to create an annuity for Gertrude B. Burton; upon maturity to pay her a stipulated monthly stipend for her own use and benefit. The plaintiff, N. S. Burton, was made beneficiary with the right of the insured, Gertrude B. Burton, to change such beneficiary at will.

Section 6727, C.O.S. 21, title 36, § 212, Oklahoma Statutes Annotated, provides: "Every policy of life insurance made payable to or for the benefit of a married woman, or which after its issue is assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit."

This statute has been construed by the Supreme Court of the state of Oklahoma in First State Bank v. Conn, 136 Okl. 294, 277 P. 928, in which the Supreme Court in a well-written opinion stated in the first syllabus: "Life policy made payable in any way to or for benefit of married woman inures to her separate use and benefit; widow's gift to daughter of portion of proceeds of life policy without consideration was not void as to existing creditors."

The federal courts also interpreted this statute by an opinion written by Judge Kennamer in Brown v. Home Life Ins. Co. (D.C.) 3 F.(2d) 661, in which the court stated the rule to be that: "Under a life insurance policy reserving to insured the right, without the consent of the beneficiary, to change the beneficiary, the original beneficiary had no vested right, but only a mere expectancy during the lifetime of the insured," and citing Supreme Council of Royal Arcanum v. Sue B. Behrend, 247 U.S. 394, 38 S.Ct. 522, 62 L.Ed. 1182, 1 A.L.R. 966.

Therefore, I conclude that the life insurance contract became the property of the insured within the meaning of section 672, O.S. 1931, title 12, § 1278, Oklahoma Statutes Annotated, when it was issued and that it remained her separate property notwithstanding premiums thereon were paid out of the joint earnings of the insured and the beneficiary or out of the separate property or estate of the plaintiff, N. S. Burton, beneficiary, and that the court in rendering judgment did not, in the absence of specific showing to the contrary, award the same to the defendant in the divorce case, the plaintiff here, as a part of "all the property of the parties."

The court is of the opinion, and therefore finds, that upon issuance of the policy it became the separate property of the insured, acquired within her own right, and the beneficiary acquired no vested interest therein except the contingent benefits provided in the face of the policy.

It is not unreasonable or unusual to assume that during the tenure of married life a husband would cause to have issued on the life of his wife an insurance contract providing for benefits to be paid for her upon reaching the age of 60 and that such insurance contract should, by the agreement of parties, constitute the separate property of the wife, acquired in her own right, and the law appears to have encouraged this act of benevolence by throwing a cloak of protection about it as against the rest of the world, and I think that the law also intended to protect the wife as against the vicissitudes of the husband.

I, therefore, conclude that the contract of insurance, in question, was the separate

property of the wife, acquired in her own right and held in her own right at the time of the divorce proceedings, and that the district court in rendering the judgment of divorce did not intend to or did convey such property to the husband.

Under the well-established rule the possession of the contract of insurance is not material. Sea v. Conrad, 155 Ky. 51, 159 S.W. 622, 47 L.R.A.(N.S.) 1074, Ann. Cas.1915C, 318.

The demurrer of the plaintiff, N. S. Burton, is overruled, and the issue raised by the answer of the defendant, the Equitable Life Assurance Society, not being properly before the court at this time, will be decided in its timely order.

It is ordered that the decree be entered accordingly.