MARTIN H. DUFFY, PLAINTIFF-APPELLANT, v. LORETTA C. DUFFY AND PATROLMEN'S BENEVOLENT ASSOCIATION OF NEWARK, N. J., LOCAL NO. 3, A CORPORATION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Submitted May 2, 1947---Decided September 25, 1947.

For the plaintiff-appellant, *Robert J. McCurrie.*

For the respondent Loretta C. Duffy, *Harry Kay.*

For the respondent Patrolmen's Benevolent Association of Newark, New Jersey, Local No. 3, *Merrey & Merrey (Edward F. Merrey, Jr.,* of counsel).

The opinion of the court was delivered by

McLEAN, J. This is an appeal from the Essex County Circuit Court from a judgment for defendants-respondents. The action was brought to recover the sum of $1,110.93 bal-

ance of principal and interest due on a loan made by plaintiff-appellant, Martin H. Duffy, to his brother Cornelius C. Duffy. Cornelius and his wife Loretta were purchasing a home from the Lincoln National Bank. Payment was to be made by a purchase-money mortgage of $5,000 and $1,000 cash to cover improvements to be made to the premises. The $1,000 was to be paid to the seller and held in escrow pending completion of the improvements which were to be made under the supervision of the seller, and paid for out of the escrow account. The money to provide the $1,000 payment was advanced to Cornelius by plaintiff-appellant by two checks dated October 11th, 1941, for $200 and October 17th, 1941, for $800. The checks were drawn to the order of Cornelius and were endorsed and deposited by him with the seller on October 15th and 17th, respectively. The property was conveyed to Cornelius and his wife. The improvements were completed and paid for.

Cornelius was a member of the Patrolmen's Benevolent Association of Newark, New Jersey, Local No. 3, which paid benefits on the death of its members to persons designated in the manner provided in the by-laws.

In 1926 Cornelius had designated his wife to receive the benefits. On March 6th, 1943, he designated plaintiff-appellant and a new certificate was issued and delivered to him, which, appellant contends, pledged the death benefits to him as collateral security for the loan made to Cornelius in 1941.

A short time before the death of Cornelius in October, 1944, appellant was requested to surrender to the association, the certificate he held and in which he was named as beneficiary, because Cornelius wanted to change the beneficiary back to his wife. Appellant refused to surrender the certificate, contending it had been pledged to him as security for his loan. The beneficiary was nevertheless changed in the records of the association and Loretta C. Duffy, Cornelius' wife, was designated as the beneficiary. A new certificate was issued in her favor and the benefits were paid to her when her husband died.

The complaint consists of four counts. The first count demands payment of the amount by defendant-respondent

Loretta C. Duffy, as a loan made jointly and severally to her and her husband, Cornelius. The fourth count demands payment by her, of the amount as having been paid on behalf of and for her benefit as a part of the consideration paid for the premises. The trial court found there was no evidence of any direct contract between respondent Loretta and appellant, or that she was bound by any act of her husband acting as her agent or that the payment was made on her behalf and for her benefit. Judgment of nonsuit was entered on the first and fourth counts. On this judgment appellant bases his first ground of appeal. Our study of the proofs leads us to conclude that the judgment of nonsuit for respondent Loretta C. Duffy on the first and fourth counts was proper.

The second and third counts demand payment by the defendants-respondents Patrolmen's Benevolent Association and Loretta C. Duffy of the amount due because plaintiff-appellant holds a certificate in which he is designated as the person entitled to receive the benefits and the benefits were paid by the association to Loretta.

It is the contention of the appellant that under the by-laws of the association until the outstanding certificate was surrendered, the beneficiary could not be changed and no new certificate could be issued, and inasmuch as he is the holder of the certificate in which he is named the beneficiary the benefits due on the death of Cornelius should have been paid to him.

The trial court granted the motion of the defendants and directed the jury to find a verdict for them on the second and third counts, holding that the designation of a new beneficiary is not a pledge, but a mere designation by the member and that under the by-laws of the association the members have the absolute right to designate the beneficiary and the last designation govern; that the provisions of the by-laws with regard to surrendering the certificate is one solely for the benefit of the association. This action of the trial court is the basis for the second ground of appeal.

Admitting the truth of the evidence and every inference of fact that can be legitimately drawn therefrom which is

favorable to the plaintiff (*Potts et al.* v. *Bridgewater-Somerset Realty Corp.*, 134 *N. J. L.* 22) we concur in the determination of the trial court.

Associations such as the Patrolmen's Benevolent Association are formed to provide a form of insurance, which secures to its members through regular dues or special assessments, a provision for old age, funeral expenses and death payments to widows and orphans, or sick allowances.

"The difference between ordinary life insurance and that furnished by the fraternal benefit societies has been universally recognized in legislation and is a matter of common knowledge. The differences in the legal incidents of these different forms of protection have been illustrated by numerous decisions. The difference in respect to the insured's right to change the beneficiary has been frequently commented on and is firmly established. In the absence of a special provision of law or of a rule of the association to the contrary, the naming of a person as beneficiary in the benefit certificate of a fraternal benefit association confers not a vested right, but an expectancy merely which may be defeated at any time by act of the insured member." *Supreme Council of the Royal Arcanum* v. *Behrend*, 247 *U. S.* 394; 38 *S. Ct.* 522; 62 *L. Ed.* 1182. *Citing Spengler* v. *Spengler,* 65 *N. J. Eq.* 176.

The relationship between a fraternal benevolent association and its members is a matter of contract, the terms of the contract being found in the constitution and by-laws of the association and the statute pursuant to which the association is organized. *Golden Star Fraternity* v. *Martin,* 59 *N. J. L.* 207.

In the instant case, the pertinent portion of the by-laws of the Patrolmen's Benevolent Association under which the death benefits are paid provide that:

"* * * members of this Association shall * * * designate his or her beneficiary or beneficiaries in duplicate, in the presence of two witnesses on Beneficiary Certificates provided by this Association. The original beneficiary certificate shall be retained by every such member, and the duplicate certificate shall be retained by this Association. Mem-

bers of this Association may, at their descretion, change their beneficiary by surrendering certificate issued to them and obtaining new certificates from the Recording Secretary. In the event of the destruction or loss of a certificate, the member applying for a new certificate shall submit to this Association a sworn affidavit specifically stating therein, whether such certificate was destroyed or lost. After the decease of a member in good standing in this Association, the person or persons named by such deceased member in the last beneficiary certificate issued to him or her, shall, upon presentation of the aforesaid certificate to this Association, be paid the death benefit specified thereon in the form and manner as is provided for in these by-laws."

It is conceded that defendant-respondent Loretta was the last beneficiary named by her husband, Cornelius, and therefore comes within the expressed provisions of the by-laws. The complaint is that payment of the benefits should not have been made to her because the plaintiff-appellant held a certificate which had not been surrendered and that no new certificate could be issued until such surrender. This would be to say that a member could transfer irrevocably his right to designate the beneficiary, notwithstanding the by-law provision requiring that he retain the certificate in his possession. It would be incompatible with the fraternalism motivating the members in their agreement to make the contributions necessary to provide the fund to be paid to a fellow member's dependents at his death.

The portions of the by-laws requiring the member to retain the certificate in his possession. and granting the privilege of changing the beneficiary by surrendering the certificate and obtaining a new one when a new beneficiary is named, restrict the member from making an irrevocable assignment of his right to name the beneficiary. The provisions providing for the surrender of the certificate, the issuing of a new certificate and for submitting proof as to the loss of a certificate, are to assist the association in effectuating its purposes. Requirements of that character are made for the protection of the society and if complied with to its satisfaction, or if waived by it during the lifetime of the insured, cannot be

available to support a claim of a former beneficiary. *Polish National Alliance* v. *Nagrabski,* 71 *N. J. Eq.* 621; *Supreme Council of the Royal Arcanum* v. *Behrend, supra; Order of Heptasophs* v. *Dailey,* 61 *Id.* 145.

The granting of the motion directing a verdict in favor of the defendants-respondents on the second and third counts was proper under the law and the facts in this case.

We find no error in the action of the trial court in overruling the questions made the subject of the third and fourth grounds of appeal.

The judgments below will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Bodine, Donges, Colie, Wachenfeld, Eastwood, Burling, Wells, Dill, Freund, McLean, JJ. 12.

*For reversal*—Heher, McGeehan, Schettino, JJ. 3.