## MACARTNEY v. PARMENTER.

Civ. A. No. 1299.

United States District Court
D. Rhode Island.

Dec. 26, 1952.

494

William H. Edwards, of Providence, R. I., Frederic S. O'Brien, of Lawrence, Mass., for plaintiff.

Erving T. Arnold, of Providence, R. I., for defendant.

LEAHY, District Judge.

This is an action to recover a portion of the proceeds of certain life insurance policies issued on the life of the late George Summersby. The action was brought by Ruth Macartney, a citizen of the Commonwealth of Massachusetts and sister of said George Summersby, against Sherman L. Parmenter, a citizen of the State of Georgia and executor under the will of Sarah R. Summersby, late of Westerly, Rhode Island and widow of said George Summersby.

The basis of the Court's jurisdiction is the diversity of citizenship and the sufficiency of the amount in controversy.

On April 13, 1951, plaintiff filed in the office of the Clerk of the Probate Court of the Town of Westerly a claim against the Estate of said Sarah R. Summersby in the sum of $10,000. This claim was disallowed by the defendant executor, and suit on the claim was subsequently commenced by the plaintiff in this Court.

The matter was submitted to the Court for decision on the merits on an agreed statement of facts, the complaint, the answer, the briefs of the parties, and oral arguments.

The essential facts as agreed to are substantially as follows: George Summersby died on June 15, 1948, leaving certain insurance policies on his life, issued by the State Mutual Life Assurance Company of Worcester, Massachusetts. The proceeds of these policies were to be retained by the insurance company for the benefit of designated beneficiaries. The combined proceeds amounted to $22,100, and in accordance with the terms of the policies a "Certificate of Indebtedness" in this amount was issued to Sarah R. Summersby, the primary beneficiary. Attached to this Certificate was the "Nomination of Beneficiary and Request" made by the insured, which had been attached to each of the policies on the insured's life.

Under this "Nomination of Beneficiary and Request" George W. Summersby had made a nomination of beneficiaries, and a direction that upon his death the insurance company should hold the combined proceeds of the policies and pay the interest income therefrom monthly to his wife, Sarah R. Summersby, during her lifetime, with the right on her part to make withdrawals from the principal sum from time to time during her lifetime as she might request in writing. The insured further directed that upon the death of his wife the insurance company should make monthly payments of the interest income on the balance of said principal sum to the plaintiff, sister of the insured, during her lifetime, with the same right on her part to make withdrawals from said principal sum.

On August 21, 1950, the insurance company received at its home office in Worcester, Massachusetts, a letter dated August 19, 1950, signed by Sarah R. Summersby, stating: "At this time I wish to cash $10,000 of my policy. Will you send me the necessary forms to sign please? And oblige."

On August 30, 1950, the insurance company endorsed on the "Certificate of Indebtedness" the amount specified in the request to withdraw. On the same date it

drew its check, payable to Sarah R. Summersby, in the amount of the request, plus accumulated interest, and mailed the check to Sarah R. Summersby. This check was drawn on the Worcester County Trust Co. of Worcester, Massachusetts.

The check was received by Sarah R. Summersby, endorsed in blank by her, and deposited by her on September 5, 1950 to her credit in her checking account with the Washington Trust Company at Westerly, Rhode Island. Sarah R. Summersby died later the same day.

At the time the insurance company drew its check and mailed it to Sarah R. Summersby it had sufficient funds in the bank on which the check was drawn with which to pay the check, and on September 7, 1950, the check was honored by the drawee bank by payment to the Westerly bank.

The issue presented in this case is whether or not, under the terms of these insurance policies, Sarah R. Summersby withdrew during her lifetime $10,000 from the principal sum retained by the insurance company.

The principal contention of the plaintiff is that "payment" of this $10,000 to Sarah R. Summersby during her lifetime was necessary in order to constitute a "withdrawal". The plaintiff contends that Sarah R. Summersby did not receive payment during her lifetime, and that the check which she received from the insurance company did not constitute payment to her until September 7, 1950, when it was honored by the drawee bank, two days after her death.

The defendant contends that the receipt by the insurance company of the request to withdraw constituted an effective exercise by Sarah R. Summersby of her right to withdraw. The defendant contends further that in the event that such receipt should not be considered to have completed the withdrawal, then the endorsement by the insurance company of the amount of withdrawal on the back of the "Certificate of Indebtedness" completed the withdrawal at that time. In any event, the defendant argues, even if it should be held that the withdrawal was not completed until the sum requested was actually paid to Sarah R. Summersby, such payment was made, and the withdrawal completed, by her acceptance of the company's check, and her deposit of it in her checking account, prior to her death.

The legal rights of the beneficiaries under a life insurance policy arise out of the insurance contract and are measured by its terms. Capuano v. Boghosian, 54 R. I. 489, 175 A. 830.

The "Nomination of Beneficiary and Request" section of the policies in question provides in part as follows:

"The right of withdrawal hereinbefore set forth shall not be considered as having been effectively exercised unless the Company shall have received at its home office written and dated requests for withdrawal signed by the beneficiaries entitled to make such withdrawals."

This provision sets forth certain minimum requirements which must be complied with by a beneficiary in order to make an effective withdrawal from the principal sum of the policies. That the request to withdraw made by Sarah R. Summersby met these minimum requirements is not questioned here. The requirements of making a withdrawal having been met by Sarah R. Summersby, the claim of a subsequent beneficiary cannot be supported by saying that something further had to be done. Cf. Supreme Council of Royal Arcanum v. Behrend, 1918, 247 U.S. 394, 38 S.Ct. 522, 62 L.Ed. 1182; Nance v. Hilliard, 8 Cir., 1939, 101 F.2d 957.

Under the provisions of these policies Sarah R. Summersby had the option of making withdrawals from time to time from the principal sum held by the insurance company. This option constituted a continuing offer from the company to Sarah R. Summersby, and her acceptance of the offer completed the contract. Upon receipt of at dated and signed request from her to withdraw a specified sum, its obligation to pay this sum became absolute. The

relationship of debtor and creditor was then established. Actual payment to Sarah R. Summersby during her lifetime was not required. Pacific States Life Ins. Co. v. Bryce, 10 Cir., 1933, 67 F.2d 710, 91 A.L.R. 1446; Lipman v. Equitable Life Assur. Soc. of the United States, 4 Cir., 1932, 58 F.2d 15; Lovett v. Phoenix Mut. Life Ins. Co., D.C.R.I.1942, 44 F.Supp. 888; Roth v. Kaptowsky, 1946, 393 Ill. 484, 66 N.E.2d 664. That this was the understanding of the insurance company appears from its endorsement, which reads as follows:

> "In consideration of the request received on the dates listed below, of Sarah R. Summersby, owner and holder of the within Certificate, for a withdrawal under the right reserved to her therein, the principal sum held hereunder is hereby reduced, and the stipulated interest income payments shall be reduced accordingly."

The Court finds, therefore, that the receipt by the insurance company of the dated request to withdraw, signed by Sarah R. Summersby, constituted an effective exercise by her of her right to withdraw the sum requested, and that such sum was withdrawn by her during her lifetime. In this view of the case the Court finds it unnecessary to pass on the question of when payment of the amount withdrawn was made to Sarah R. Summersby.

The plaintiff contends further that the estate of Sarah R. Summersby has been unjustly enriched by reason of the payment after her death of the amount withdrawn. The Court finds no unjust enrichment here, and neither is it impressed by the argument of counsel that to permit the estate of Sarah R. Summersby to retain this $10 000 would be contrary to the intent of the insured. This argument is answered by the mere observation that the completed withdrawal was in compliance with the insurance contract.

The plaintiff has requested that the estate of Sarah R. Summersby be held to be constructive trustee for the plaintiff of this $10,000. The circumstances here do not warrant such a finding.

Judgment for the defendant.